IN THE MATTER OF THE ESTATE OF DENIS J. CAMPAU, ON
APPEAL OF ALEXANDER T. CAMPAU.

*Appeal from confirmation of administrator's sale.*

If proceedings for the confirmation of an administrator's sale can be
appealed from the probate to the circuit court, the issue remains the
same and no new issue can be introduced in the circuit.

The question whether a fair price was realized for property sold at
administrator's sale cannot be raised for the first time after confirma-
tion of the sale and on appeal from the order confirming it, if such
an appeal can be taken.

Certiorari to Wayne Circuit Court.　Submitted April 7.
Decided April 25.

APPEAL by an heir at law from an order of the probate
court confirming an administrator's sale.　The appellant
brings the case up on *certiorari.*　Affirmed.

*Moore & Moore* and *Daniel J. Campau* for plaintiff in
certiorari.

*John H. Bissell* and *Hoyt Post* for the administrator.
An appeal from an order of confirmation can raise the ques-
tions only that were before the tribunal making the order:
*Delaplaine v. Lawrence* 3 N. Y. 301.

MARSTON, J.　We shall not express any opinion at present,
as to whether this class of cases can be appealed from the
probate to the circuit court.　If an appeal will lie, the issue
in the circuit must be the same as in the probate court.
In this case the record shows that the appellant opposed the
confirmation of the sale in the probate court, and that after
the sale was confirmed, he tendered in that court a bond
with sufficient sureties conditioned to bid ten per cent. in
excess of the amount for which the premises were sold.
The appeal was afterwards taken and the effort made in the
circuit was to show that the land did not bring its fair value

and that another sale should be ordered. The objection made in the probate court to a confirmation, was upon the case as it then stood, and no examination was made or attempted as to the value of the property.

The matters litigated in the circuit were not raised in the probate court at all—indeed the effect of giving such a bond does not seem to have been passed upon by that court at all. Now if the parties opposing the sale could thus, after the confirmation, file such a bond and take an appeal and thus raise a new issue thereon, it is very evident that difficult and serious questions might arise tending to delay and embarrass the administrator in a settlement of the estate. The hearing or trial in the circuit would not be as upon appeal, but would be the trial of a new issue presented for the first time in that court.

The proceedings must therefore be affirmed with costs.

The other Justices concurred.